### STATE EX REL. STEINKAMP v. DAVID DAVIS, JUDGE.

**1. ERROR LIES TO PROCEEDINGS IN CONTEMPT.**

Error lies to a proceeding in contempt, instituted by a receiver, charging defendants with unlawfully interfering with the discharge of his duties.

**2. PROFESSIONAL STATEMENTS OF COUNSEL SHOULD APPEAR AS EVIDENCE.**

Where, in a proceeding in contempt, there was no sworn testimony introduced, but the court heard the professional statements of counsel and acted upon

them, such statements should appear as evidence, and the parties are entitled to a bill of exceptions.

**3. Discretion of Court in Awarding Costs is not an Unlimited Discretion.**

The discretion conferred upon the court in certain cases as to awarding costs, is not an unlimited discretion, but is a reasonable discretion, and is reviewable on error.

In Mandamus.

Smith, J.

The relators pray for a writ of mandamus, requiring the defendant, Judge Davis, to sign a bill of exceptions, which accompanies the petition, which contains what purports to be all the evidence, or what was said and done by parties or their counsel at the hearing, before the defendant, one of the judges of the court of common pleas of this county, of a contempt proceeding brought against the relators, charging them with improperly interfering with the discharge of the duties of Mr. Nippert, who had been appointed receiver in an action pending in said court.

As we understand, the admitted facts are these : In an action brought for the partition of certain real estate, owned by the Steinkamps, the relators, and which was incumbered by mortgages, or in an action by the holders of mortgage liens on said real estate, to foreclose the same, all parties in interest were before the court, and, on the application of the lienholders, the court appointed Mr. Nippert as receiver, to take charge of and rent the property until a sale could be made. Some objection seems to have been made by the Steinkamps, the owners of the real estate subject to the mortgages, and Mr. Phares, their attorney, as to the manner in which the receiver was managing the rental of the property—particularly in this, that he displayed too many signs "To Let" on the windows of the vacant rooms in the buildings—and that he was not diligent in finding good tenants, and thereupon a controversy arose between them and the receiver, and, at the instance of the receiver, two members of the bar were appointed by the court to prepare and prosecute charges against the Steinkamps and Mr. Phares, their attorney, charging them with contempt of court, by unlawfully interfering with the discharge of his duties as such officer of the court. Such charges were prepared and filed, and were denied by answers filed by the defendants.

The matter came on for hearing before Judge Davis, and a stenographer's report was made of all that took place at the hearing. There was not an iota of sworn testimony offered. The report mentioned contains the statements of the attorneys, appointed by the court, as to what they claimed to be the facts in the case, and of Mr. Phares, as to what he claimed had occurred, and the colloquies between the different counsel, and between the court and counsel, often of an unpleasant character, at the conclusion of which the court dismissed the proceedings for contempt, but rendered a judgment that the costs in the case, including a fee to the two members of the bar appointed to prosecute the charges for contempt, be paid by the receiver, from the moneys in his hands belonging to the trust—thus in effect ordering them to be paid by the Steinkamps, the owners of the land. To this judgment and order as to costs, the said relators excepted, and filed a motion for a new trial, which was overruled, and exceptions taken to this action.

Thereupon a bill of exceptions containing everything that was said by parties, counsel and the court at the hearing, was duly prepared and submitted to opposing counsel and the court, within the time fixed by

State v. Davis.

the statute, but the judge refused to sign the same. He expressly admitted, at the hearing, that the bill, as proposed and submitted, contained a true statement of all that was said and done at the trial of the case, but assigns as a reason for refusing to sign such bill, that the defendants were not entitled to a bill of exceptions in such case; that the charges were dismissed, and that they had no cause to complain of that, and that the question of costs was a mere matter of discretion, and that error would not lie to that. And, for another reason, that it appears that no evidence was, in fact, heard at the trial.

We think the reasons assigned for the refusal are not sufficient:

First—Error undoubtedly lies to a proceeding of this kind.

Second—While there was no sworn testimony introduced at the hearing, the court did hear the professional statements of counsel, and acted upon them, and if so, it should appear as evidence. But if this is not so, the bill then clearly shows that there was no evidence submitted, and if this be so, what reason was there for taxing costs and fees against defendants, against whom there was not an iota of evidence? The relators are entitled to a bill of exceptions showing these facts.

Third—The discretion conferred upon the court in certain cases as to awarding costs is not, we think, an unlimited discretion. It is a reasonable discretion, and is reviewable on error. The idea that a court can adjudge costs against a defendant in a case of this kind, when there is not a particle of evidence to sustain the charges, should not lightly be entertained.

As suggested at the hearing, we think the better plan will be to require the bill of exceptions to be signed, and then the matter, if desired, can be more fully presented.

A peremptory writ of mandamus will, therefore, be awarded, requiring the defendant, forthwith, to sign and allow the bill of exceptions handed to him.

*Phares & Keller*, for relator.

*Wade Cushing* and *B. B. Tuttle*, for respondent.

---

## CONSTITUTIONAL LAW—ASSESSMENTS.

[Hamilton Circuit Court, January Term, 1899.]

Adams, Douglass and Voorhees, JJ.

(Of the fifth circuit, sitting in the first circuit.)